UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHEENAL PATEL AND NILA PATEL,

    Plaintiffs,

vs.                                                                    Case No.  3:08-cv-206-J-32MCR

OAKWIN LODGING, Inc.,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on the Applicants for Intervention's Motion to Intervene (Doc. 6) filed on April 3, 2008.  On April 21, 2008, Plaintiffs filed a memorandum in opposition to the Motion to Intervene (Doc. 15).  Pursuant to an Order from this Court, the Applicants for Intervention ("Applicants") thereafter filed a reply (Doc. 21) on May 5, 2008 and Plaintiffs filed a surreply (Doc. 23) on May 12, 2008.  Accordingly, this matter is ripe for review.

Rule 24 of the Federal Rules of Civil Procedure addresses the issue of intervention.  Rule 24(a) requires a court to permit anyone to intervene if (1) a federal statute grants the person an unconditional right, or (2) if the movant claims an interest relating to the property or transaction that is the subject of the action and disposing of the action would impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.  Fed. R. Civ. P. 24(a) (2007).  Alternatively, a court may permit anyone to intervene who is given a conditional right to

intervene by federal statute or who has a claim or defense that shares with the main action a common question of law or fact.  Fed. R. Civ. P. 24(b)(1)(B).

Here, the Applicants move for intervention as a matter of right pursuant to Rule 24(a)(2) or alternatively, permissive intervention pursuant to Rule 24 (b)(1).  Notably, the Applicants seek to intervene in this action for the limited purpose of filing a motion to dismiss or stay the proceedings in this Court in order to protect their interests in, and the integrity of, a similar action previously filed by the Applicants in state court.  (Doc. 6, p. 3).  Additionally, the Applicants seek to protect their pecuniary interests as 50% shareholders of Oakwin Lodging, Inc. ("Oakwin") as a result of the claims asserted by Plaintiffs – acting as creditors – in this action.  Id.

To show intervention as a matter of right, an applicant must demonstrate: (1) the application to intervene is timely; (2) an interest relating to the property or transaction which is the subject of the action; (3) that disposition of the action may impede or impair the movant's ability to protect that interest; and (4) the movant's interest is not adequately represented by the existing parties to the lawsuit.  Loyd v. Alabama Dept. of Corrections, 176 F.3d 1336, 1339-40 (11th Cir. 1999).  Plaintiffs do not contest that the Applicants moved for intervention in a timely manner; however, they contest the remaining three requirements for asserting intervention as a matter of right.

Upon consideration of the parties' arguments, the Court finds that the Applicants have a direct non-pecuniary interest in the subject matter of the litigation, i.e., the expeditious prosecution of their case, previously filed in state court, and the avoidance of inconsistent rulings.  The Court also believes that disposition of this action could

-2-

impede or impair Applicant's ability to protect such interest. For instance, if this Court determines this case should remain in this Court and thus, orders dissolution of Oakwin or some other applicable remedy, Applicants ability to prosecute their case in state Court would undoubtedly be affected. The Court, however, is not certain that Applicant's interest cannot be adequately represented by Oakwin at this time. Applicants argue that Oakwin is a nominal defendant in this case, but they do not expand on this blanket assertion. The fact of the matter is that Oakwin has filed a Motion to Dismiss which asserts substantially similar, if not identical, arguments for seeking a dismissal of this matter from this Court. Thus, the Court cannot grant intervention as a matter of right at this time.

The Court, however, will permit the Applicants to intervene under Federal Rule of Civil Procedure 24(b)(1)(B) for the limited purpose of filing their motion to dismiss or to stay the present action. Permissive intervention is appropriate when an application for intervention is timely and when an applicant's claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b)(1)(B). The Court should also consider whether intervention will unduly delay or prejudice the adjudication of the rights.

Here, Plaintiffs concede that the Motion to Intervene was timely. Indeed, it was; Applicants moved to intervene even before Oakwin filed its response to Plaintiff's Complaint. Next, the Court must determine whether the Applicant's defense has questions of law or fact in common with the underlying action. The Applicants seek to intervene in this matter for the limited purpose of filing their Motion to Dismiss and their

arguments for dismissal address the claims asserted by Plaintiffs in this action. Borkowski v. Fraternal Order of Police, 155 F.R.D. 105, 111 (E.D. Pa. 1994). Permitting the Applicants to intervene will not cause any foreseeable delay or prejudice, as the Applicants seek to intervene for the limited purpose of requesting dismissal of this action, a request for which Oakwin also argues.  As such, the Court finds permissive intervention appropriate.

Accordingly, after due consideration, it is

**ORDERED**:

The Motion to Intervene (Doc. 6) is **GRANTED.**  Applicants for Intervention, Minesh Patel, Alka Patel, and Rupal Patel may intervene in this matter for the limited purpose of filing their motion to dismiss or stay the present action.  Plaintiff's response to the Applicants' Motion to Dismiss will be due no later than **Wednesday, June 11, 2008.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  27th  day of May, 2008.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party