**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


SHEENAL PATEL and NILA PATEL,

                Plaintiffs,

vs.                                      Case No. 3:08-cv-206-J-32MCR

OAKWIN LODGING INC., a Florida
Corporation,

                Defendant.

_____


SHEENAL PATEL and NILA PATEL,

                Plaintiffs,

vs.                                      Case No. 3:08-cv-207-J-32MCR

MINESH PATEL and OAKWIN LODGING INC.,
a Florida Corporation,

                Defendants.


_____

## ORDER[1]

      These cases are before the Court on similar motions to dismiss or stay the

proceedings.  In the case styled 3:08-cv-206-J-32MCR (the "First Federal Complaint"),

Intervenors Minesh Patel, Alka Patel and Rupal Patel filed a Motion to Dismiss or Stay

(Doc. 7) and Defendant Oakwin Lodging, Inc. filed an Amended Motion to Dismiss or

Stay (Doc. 12).  Plaintiffs filed responses in opposition to both motions (Docs. 20, 26)

and Intervenors filed a reply to Plaintiff's response in opposition (Doc. 31).  In the case

---

      [1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

styled 3:08-cv-207-J-32MCR (the "Second Federal Complaint"), Defendant Minesh

Patel filed a Motion to Dismiss or Stay (Doc. 9) and Defendant Oakwin adopted that

Motion.  (Doc. 12).  Plaintiffs filed a response in opposition (Doc. 17).  Defendant

Minesh Patel filed a reply to Plaintiff's response in opposition (Doc. 23) and Plaintiffs

filed a surreply (Doc. 26).  On August 4, 2008, the Court held lengthy oral argument on

the motions, the record of which is incorporated by reference.

        In the interest of making a timely decision, the Court will not prolong the analysis,

but will simply decide the issue presented.  At play are four law suits relating to the

corporation Oakwin Lodging, Inc., which operates a Best Western hotel in Live Oak,

Florida.  The four law suits involve substantially the same parties, claims and underlying

facts, two before the state Circuit Court of Suwannee County and two before this Court.

The first state court suit seeks a dissolution of the corporation and an accounting.  The

second state court suit is brought by the corporation against various individuals and

entities alleging fraud and mismanagement.  The First Federal Complaint seeks

involuntary dissolution of Oakwin, an accounting, money owed by Oakwin and

enforcement of an equitable lien.  The Second Federal Complaint seeks an accounting

against Defendant Minesh Patel and damages for breach of fiduciary duty by him.  The

question is whether the Court should abstain from deciding either all or some of the

claims brought in the First and Second Federal Complaints.

        Having fully considered the applicable law, the Court concludes it will abstain

from adjudicating Plaintiffs' corporate dissolution claim (Count I of the First Federal

Complaint) and the accounting claim (Count II of the First Federal Complaint).  The

Court abstains for the same reason all other federal courts abstain in corporate

2

dissolution cases: to avoid infringing on the state's important interests in overseeing the continued existence of corporations created under its laws.  See, e.g. Caudill v. Eubanks, 301 F.3d 658, 665 (6th Cir. 2002) (affirming district court's decision to abstain from hearing action for dissolution of corporation and an accounting based on state's "substantial and overriding interest in the regulation of corporations"); Neary v. Miltronics Mfg. Services, Inc., 534 F. Supp. 2d 227, 231 (D.N.H. 2008) (abstaining from adjudicating corporate dissolution and accounting actions because a corporation is a creature of the state legislature and therefore the corporation's existence should be monitored by the state).

The remaining claims in the First Federal Complaint, Counts III (Money Owed) and IV (Action to Establish and Enforce an Equitable Lien), are closely tied to the requests for dissolution and an accounting, but both claims seek money damages. The abstention doctrine does not extend to claims for damages.  Neary, 534 F. Supp. 2d at 227.  Thus, the Court will not abstain from hearing those claims.

In the Second Federal Complaint, Count I seeks an accounting against Minesh Patel and Count II alleges a breach of fiduciary duty by him.  The abstention doctrine cautions against hearing claims for accountings against corporations, but does not speak to claims against individuals. Id. at 230-31. Count I is against Minesh Patel individually, so the Court will not abstain from hearing it.  The Court will also not abstain from hearing Count II because it seeks money damages.  Id. at 227.[2]

---

[2] That the corporation is named as a nominal defendant in the Second Federal Complaint does not change the result.

3

However, although the Court will not abstain from hearing these remaining claims (which may well overlap those to be litigated in state court), the Court will temporarily stay the actions in the interests of judicial economy and efficient resolution of all suits. The Neary court and others have recognized the appropriateness of staying claims related to corporate dissolution while the dissolution is resolved in state court. Id. at 231-32; see also I.A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1551-52 (11th Cir. 1986) (recognizing inherent power of district courts to stay proceedings and affording courts broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending elsewhere).

The Court emphasizes it is neither dismissing the stayed counts nor saying they will never be adjudicated in this Court. The Court hopes the stay will allow the parties to refine the state court actions and determine what claims will be decided there. At a minimum, the stay will last until the state court claims are sufficiently defined so that this Court knows the scope of the claims which will proceed in state court.   At the appropriate time, the Court will entertain a motion by either party to lift the stay.  Of course, Plaintiffs may avoid duplicating their efforts by choosing to pursue all of their claims in state court. See Neary, 534 F. Supp. 2d at 232 n.3.

Accordingly, it is hereby

**ORDERED**:

1. Intervenors' and Defendant's motions to dismiss or stay the case styled 3:08-cv-206-J-32MCR (Docs. 7, 12) are **GRANTED** to the extent the Court will abstain from adjudicating Counts I (involuntary dissolution) and II (accounting as to the corporation)

4

and will dismiss those claims without prejudice.  Counts III and IV are temporarily stayed as explained above until further order of the Court.

2. Defendants' motions to dismiss or stay the case styled 3:08-cv-207-J-32MCR (Docs. 9, 12) are **DENIED** as to abstention but **GRANTED** to the extent that this case is temporarily stayed as explained above until further order of the Court.

3. The Clerk will administratively close the cases styled 3:08-cv-206-J-32MCR and 3:08-cv-207-J-32MCR pending a motion by either party to reopen the cases and lift the stay.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of August, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

k.
Copies:

counsel of record